UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

AHR FAMILY, LLC,

    Plaintiff,

v.                                           Case No.:  2:23-cv-652-SPC-KCD

WESTCHESTER SURPLUS
LINES INSURANCE COMPANY,

    Defendant.
_____/

## **OPINION AND ORDER**

Before the Court are "Plaintiff's Motion for Relief" under Rule 60(b) (Doc. 52) and Defendant's Response (Doc. 55). For the below reasons, the Court denies the motion.

This is a Hurricane Ian case. Plaintiff initially filed this breach of contract action in state court, alleging that Hurricane Ian damaged its property and that Defendant refused to pay part or all of its insurance claim. (Doc. 6). Defendant removed the action to federal court. (Doc. 1). And the parties proceeded through discovery without any Court intervention.

Ahead of the summary-judgment deadline, the Court held a status conference with the parties. During the conference, Defendant stated that it intended to move for summary judgment, and the parties represented that they were discussing a potential settlement. (Doc. 34). A couple of weeks later,

Defendant moved for summary judgment. (Doc. 33). And Plaintiff filed a brief opposing the motion. (Doc. 41). While the motion was pending, the parties filed a Joint Notice of Settlement (Doc. 48). So the Court entered its standard Order dismissing and closing the case. (Doc. 49).

About a month later, new counsel for Plaintiff appeared. (Doc. 51). Through its new counsel, Plaintiff filed a motion "to vacate the Endorsed Order dismissing this action without prejudice per the Notice of Settlement, vacating the Notice of Settlement filed November 25, 2024, permitting Plaintiff to amend its Response to Defendant's Motion for Summary Judgment filed August 21, 2024, and permitting Plaintiff to amend their expert witness disclosure." (Doc. 52). According to Plaintiff, Federal Rule of Civil Procedure 60(b)(6) entitles it to this relief given former counsel's "mishandling of the case file, improper review of the relevant facts, and misguidance on the applicability of relevant case law governing this matter." (Doc. 52 at 2-3). But for prior counsel's poor legal advice, so the argument goes, Plaintiff would not have settled. (Doc. 55). Defendant opposes the motion. (Doc. 55).

Under Rule 60(b), the Court "may relieve a party or its legal representative from a final judgment, order, or proceeding" for enumerated reasons such as mistake, newly discovered evidence, or fraud. Fed. R. Civ. P. 60(b). The rule also includes a catch-all provision, entertaining "any other reason that justifies relief." Fed. R. Civ. P. 60(b)(6). But relief under this

2

provision is "an extraordinary remedy which may be invoked only upon a showing of exceptional circumstances and the party seeking relief has the burden of showing that absent such relief, an extreme and unexpected hardship will result." *Schwindler v. Comm'r, Georgia Dep't of Corr.*, No. 23-10457, 2024 WL 3666251, at *3 (11th Cir. Aug. 6, 2024) (cleaned up). Even if an exceptional circumstance with extreme and unexpected hardship is shown, "whether to grant the requested relief is . . . a matter for the district court's sound discretion." *Id.* (quoting *Cano v. Baker*, 435 F.3d 1337, 1342 (11th Cir. 2006)).

Plaintiff concedes that the basis of its request "is not excusable neglect, mistake, or inadvertence, nor is it newly discovered evidence." (Doc. 52 at 2). Rather, it argues that Rule 60(b)'s catch-all provision applies here—that prior counsel's failures are an "other reason that justifies relief" because without such relief the hardship of settling a meritorious claim would result. But Plaintiff admits that "precedent on the relief sought herein is limited." (Doc. 51 at 6). In fact, Plaintiff failed to find a single opinion granting relief under these circumstances. (*Id.* at 7).

Plaintiff's concession that it is not arguing excusable neglect resolves its motion. (Doc. 52 at 2) ("At the heart of the relief requested is not excusable neglect[.]"). That's because "claims of attorney error must be made under the more specific Rule 60(b)(1)" concerning excusable neglect, not Rule 60(b)(6)'s

3

catch-all provision. *S.E.C. v. Simmons*, 241 F. App'x 660, 663 (11th Cir. 2007) (citing *Solaroll Shade & Shutter Corp. v. Bio-Energy Sys., Inc.*, 803 F.2d 1130, 1133 (11th Cir. 1986)). Even properly framed, however, an attorney's misinterpretation of the law is not excusable neglect. *See Advanced Estimating Sys., Inc. v. Riney*, 130 F.3d 996, 998 (11th Cir. 1997).

Finally, vacating the dismissal Order would require the Court to set aside the parties' settlement agreement. This the Court cannot do. The Court must apply Florida substantive law in this diversity case. And "Florida law favors the finality of settlements." *Sewalk v. Valpak Direct Mktg. Sys., LLC*, No. 22-13819, 2024 WL 767619, at *5 (11th Cir. Feb. 26, 2024) (citation omitted).

"[A]bsent claims of fraud or duress, a plaintiff who executes a settlement agreement pursuant to the advice of independent counsel is presumed to have executed the agreement knowingly and voluntarily." *Shepard v. Fla. Power Corp.*, No. 8:09-CV-2398-T-27TGW, 2011 WL 1465995, at *2 (M.D. Fla. Apr. 18, 2011) (citation omitted). Plaintiff provides no authority to set aside the parties' settlement agreement based on prior counsel's allegedly inadequate legal advice. That's likely because Florida law forecloses such an argument. *See id.* at *3 ("Plaintiff's mere dissatisfaction with the advice of his attorney cannot support a finding that his agreement to settle and release his claims was not knowing or voluntary.").

Plaintiff provides no serious argument supporting Rule 60(b) relief from the Court's dismissal Order and even relies on the wrong provision of that rule. Nor does Plaintiff provide any authority to vacate the parties' settlement agreement. Plaintiff has simply failed to meet its burden. Moreover, Defendant has provided persuasive argument that the balance of equities disfavors granting Plaintiff this relief. (Doc. 55 at 7-9) (describing the ample opportunity Plaintiff had to respond to the summary-judgment motion, the prejudice Defendant would experience if the case were reopened, and the resulting unfairness and judicial inefficiency).

Accordingly, it is now

**ORDERED:**

1. Plaintiff's Motion for Relief (Doc. 52) is **DENIED**.

2. The case remains closed.

**DONE** and **ORDERED** in Fort Myers, Florida on January 21, 2025.

SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

Copies: All Parties of Record